IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

COREY T. PEOPLES                                                                                    PETITIONER
Reg. #55912-509

v.                                    2:23-cv-00199-DPM-JJV

GARRETT, Warden,
FCI – Forrest City                                                                                   RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.     INTRODUCTION**

Petitioner Cory T. Peoples, an inmate at the Federal Correctional Institution – Forrest City Medium, brings this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) He seeks immediate release from imprisonment on the basis that his conviction is unconstitutional. (*Id*. at 6.) I have conducted a preliminary review of Mr. Peoples's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

---

[1] Pursuant to Rule 1(b), the § 2254 Rules are applicable to other types of habeas corpus petitions.

Based on that review, it plainly appears Mr. Peoples is not entitled to relief. Accordingly, I recommend the Petition be dismissed without prejudice.

## II.    PROCEDURAL HISTORY

On August 19, 2021, Mr. Peoples pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), in the United States District Court for the Middle District of Georgia. *United States v. Peoples*, No. 1:21CR00013-LAG-TQL-1 (M.D. Ga. 2021.) He was sentenced to fifty-seven months' imprisonment followed by three years' supervised release. *Id*. at Doc. No. 36. Mr. Peoples did not appeal and did not file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

Mr. Peoples now seeks to vacate his sentence through the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) He argues 18 U.S.C. §§ 922(g)(1) and 924(a)(2) run afoul of the Second Amendment of the United States Constitution and he is therefore actually innocent of any crime. (*Id*.) After careful consideration, I recommend the Petition be dismissed without prejudice for lack of jurisdiction.

## III.   ANALYSIS

An inmate seeking to challenge the lawfulness of the imposition of his federal conviction and sentence must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 motion attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983) (per curiam); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the

judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Mr. Peoples's Petition, although filed as one pursuant to § 2241, does not attack the execution of his sentence but the validity of it.

A petitioner cannot use § 2241 to challenge a conviction or sentence unless he first shows that § 2255 would be inadequate or ineffective. *Abdullah*, 392 F.3d at 959. The requirement that a petitioner must first demonstrate that § 2255 is inadequate or ineffective comes from § 2255's savings clause:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). As a purely practical matter, it is the burden of the petitioner to demonstrate that § 2255 relief in the sentencing court would be inadequate or ineffective. *DeSimone*, 805 F.2d at 323 (citing *Von Ludwitz v. Ralston*, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam)). In establishing such a requirement, the United States Court of Appeals for the Eighth Circuit has clearly stated:

> Significantly, in order to establish a remedy is "inadequate or ineffective" under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition. This court has held a § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied," (2) "[the] petitioner has been denied permission to file a second or successive § 2255 motion," (3) "a second or successive § 2255 motion has been dismissed," or (4) "[the] petitioner has allowed the one year statute of limitations and/or grace period to expire."

*Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)).

Mr. Peoples offers no basis on which to find that the remedy under § 2255 would be inadequate or ineffective. It is well settled that "§ 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand." *Abdullah*, 392 F.3d at 963 (citing *Hill*, 349 F.3d at 1092). This is true even when the claim is one of actual innocence. *Id*. at 960. Mr. Peoples's claim could have been raised in a motion to vacate, set aside, or correct his sentence under § 2255.

Accordingly, Mr. Peoples cannot establish a § 2255 motion would be inadequate or ineffective to test the legality of his conviction and sentence. I recommend his § 2241 Petition be dismissed for lack of jurisdiction.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Peoples's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 5th day of October 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

4